IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NECUS A. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:12CV746 |
| ) | |
| THE STATE OF NORTH CAROLINA, ) | |
| LINDA L. FALLS, BETTY J. BROWN, ) | |
| WILLIAM S. REAVIS, JUDGE BRUCE ) | |
| MARTIN, GUILFORD COUNTY, ) | |
| ) | |
| Defendants. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's Amended Application [Doc. #6] to proceed in this action *in forma pauperis*, and his Amended Complaint [Doc. #7]. The Court earlier recommended [Doc. #4] that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new action which corrected the defects noted in Plaintiff's original Application and Complaint.

Plaintiff's Amended Application provides the information that was previously missing. The Court has reviewed Plaintiff's Amended Application and Affidavit and concludes that good cause exists to allow Plaintiff to proceed without payment of costs and fees in this matter. The Court will therefore withdraw the Court's previous Order and Recommendation [Doc. #4] and grant Plaintiff's Amended Application for Leave to Proceed *in forma pauperis*. Plaintiff is hereby permitted to file this action without prepayment of fees or costs, or giving security therefor, pursuant to 28 U.S.C. § 1915(a).

However, defects in Plaintiff's Amended Complaint remain and subject this action to dismissal under the *in forma pauperis* statute, which provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Plaintiff, a non-prisoner, names as Defendants in his Amended Complaint the State of North Carolina and Guilford County. The individual Defendants named previously–Linda Falls, Betty Brown, William Reavis, and Bruce Martin–are no longer named as Defendants. The facts underlying Plaintiff's claims are not clear, but he apparently believes that his due process rights were violated when a criminal judgment in a state court case against him was modified "behind closed doors" to find him guilty of an offense when, according to Plaintiff, the charge was earlier "dismissed with leave." He seeks damages as relief and to be exonerated.

Plaintiff raises his claims under 42 U.S.C. § 1983 (2006).[1] Section 1983 by its terms applies only to "persons." In Will v. Michigan Dep't of State Police, the Supreme Court held that a State is not a "person" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 63-65 (1989). In so holding, the Supreme Court noted that Section 1983 "provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." Will, 491 U.S.

---

[1] Plaintiff includes as a jurisdictional basis the federal statute 28 U.S.C. § 1343 (2006), which "does not create any cause of action." Smith v. Potter, No. 1:09CV587, 2010 WL 1500876 (M.D.N.C. Apr. 14, 2010). The Court will therefore consider whether Plaintiff has stated a claim upon which relief may be granted or which is frivolous only pursuant to 42 U.S.C. § 1983.

at 66. Therefore, the State of North Carolina may not be held liable under section 1983, and all claims against it should be dismissed as frivolous and as failing to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).[2]

The only other Defendant named by Plaintiff is Guilford County, North Carolina. Guilford County is apparently the county in which Plaintiff's criminal case was heard. However, Plaintiff fails to allege any facts against Guilford County in his Amended Complaint. Therefore, all claims against Guilford County in Plaintiff's Amended Complaint should be dismissed as frivolous and as failing to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that this Court's earlier Order and Recommendation [Doc. #4] is WITHDRAWN.

IT IS FURTHER ORDERED that Plaintiff's Amended Application to Proceed *In Forma Pauperis* [Doc. #6] is GRANTED.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Plaintiff filing a new action which corrects the defects of the present action.

This, the 14th day of August, 2012.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[2] The Supreme Court in Will noted that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983." Will, 491 U.S. at 71 n.10. Thus, individual state officials sued in their official capacity would be "persons" under § 1983, but only with respect to a claim for injunctive relief, not any claim for money damages.